| GAYNELL R. MASSEY | * | NO. 2020-CA-0281 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| LIBERTY MUTUAL | * | |
| AUTOMOBILE INSURANCE | | FOURTH CIRCUIT |
| COMPANY, MATTHEW | * | |
| GRAYSON BAIRD, AND | | STATE OF LOUISIANA |
| GEICO AUTOMOBILE | * * * * * * * | |
| INSURANCE COMPANY AS | | |
| UNINSURED/UNDERINSURED | | |
| CARRIER FOR MASSEY | | |

APPEAL FROM
FIRST CITY COURT OF NEW ORLEANS
NO. 2017-07249, SECTION "SECTION B"
Honorable Nadine Ramsey, Judge Pro Tem
* * * * * *
**Judge Roland L. Belsome**
* * * * * *
(Court composed of Chief Judge James F. McKay, III, Judge Edwin A. Lombard, Judge Roland L. Belsome)


Brian A. Pena
Sean M. Anderson
ANDERSON PENA, LLC
4833 Conti Street, Suite 107
New Orleans, LA 70119

      COUNSEL FOR PLAINTIFF/APPELLEE


W. Briggs Scott
Stephen R. Barry
BARRY & CO, LLC
A PROFESSIONAL LAW CORPORATION
612 Gravier Street
New Orleans, LA 70130

      COUNSEL FOR DEFENDANT/APPELLANT


          **AFFIRMED**

          **SEPTEMBER 23, 2020**

RLB

JFM

EAL

This appeal is taken from the trial court's judgment finding in favor of Gaynelle Massey and awarding damages for injuries sustained in a September 24, 2016 automobile accident. For the reasons that follow, the trial court's judgment is affirmed.

**_Facts and Procedural History_**

On September 24, 2016, Ms. Massey was driving on Laurel Street. Laurel Street is a one-way street located in New Orleans, Louisiana. As she was driving, Ms. Massey encountered an abrupt noise that she later realized was her vehicle being struck by Grayson Baird's vehicle's door. Besides the property damage to Ms. Massey's vehicle, the accident resulted in her being physically injured. Ms. Massey treated for those physical injuries for approximately three months.

After a one-day bench trial, the trial court ruled in favor of Ms. Massey and against defendants, Mr. Baird and GEICO Insurance Company. Ms. Massey was

1

awarded $6,400.00 in general damages, and $3,628.00 in special damages, together with judicial interest and court costs.[1]  This suspensive appeal followed.

### *Assignment of Error*

On appeal, Mr. Baird argues that Ms. Massey failed to prove that he was liable for the damages caused by his passenger's opening of his vehicle's door. More specifically, Mr. Baird maintains that the trial court erred in its application of La. R.S. 32:141, and instead should have applied La. R.S. 32:283.[2]  He contends that the passenger that opened the vehicle door was the liable party.

### *Analysis*

In order to determine whether a plaintiff should prevail on a claim in negligence, Louisiana courts employ a duty-risk analysis. *Perkins v. Entergy Corp.*, 00-1372, (La.3/23/01), 782 So.2d 606. The duty-risk analysis uses five elements to establish negligence.  The plaintiff must prove: (1) that the defendant had a duty to conform his conduct to a specific standard; (2) that the defendant's conduct failed to conform to the appropriate standard; (3) that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) that the defendant's substandard conduct was a legal cause of the

---

[1] The parties stipulated to the authenticity of Ms.Massey's medical records.

[2] La. R.S. 32:283 reads:

    A.  No person shall open any door of a motor vehicle located on a highway without first taking due precaution to ensure that his act shall not interfere with the movement of traffic or endanger any other person or vehicle.

    B.  No person shall leave open any door of a motor vehicle located on a highway for a period of time longer than necessary to load or unload passengers.

plaintiff's injuries; and (5) actual damages. *Bonin v. Ferrellgas Inc.*, 2003-3024 p. 5 (La.7/2/04), 877 So.2d 89, 94; *Perkins v. Entergy Corp*, 00-1372 p. 7, 782 So.2d at 611; and *Boykin v. La. Transit Co., Inc.,* 96-1932, pp. 8-9 (La.3/4/98), 707 So.2d 1225, 1230. The threshold issues when applying the duty-risk analysis is identifying the duty imposed upon the defendant and a breach of that duty. *Boykin*, 96-1932 p. 9, 707 So.2d at 1230. These issues of fact are reviewed on appeal under a manifestly erroneous/ clearly wrong standard. *See Davis v. Witt*, 02-3102 (La. 7/2/03), 851 So.2d 1119.

At trial, the court heard the testimony of Ms. Massey and Mr. Baird. Ms. Massey explained that she was driving east on Laurel Street, a route she took often, when she heard a loud noise and pulled over concerned she may have hit something. After pulling over, she noticed some young men outside of a vehicle in the area she had just passed. Once she spoke with them, Ms. Massey realized that the rear passenger door of Mr. Baird's vehicle had been opened as she passed and it struck her vehicle. She further stated that she had room to drive on Laurel Street without having to maneuver pass Mr. Baird's vehicle.

Mr. Baird testified that he pulled over in front of his friend Alonzo Brown's house to drop him off. He claimed that there was a vehicle already parked in front of the house, so he positioned his vehicle alongside of that vehicle. After Mr. Brown exited from the front passenger seat, another passenger opened the rear passenger door to exit the vehicle. That is when Ms. Massey's vehicle was struck.

After hearing the testimony, the trial court ruled in Ms. Massey's favor and awarded damages. The trial court found that:

> Due to the position of Defendant's vehicle, when Defendant's
> passenger exited the right rear passenger door of the automobile it

3

created a sudden emergency resulting in impact with the driver's side of Plaintiff's vehicle.

La. R.S. 32:141(A) provides:

> Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.

Applying the facts of the case to the language of La. R.S. 32:141, the trial court specifically held that Mr. Baird's conduct resulted in the accident between his vehicle and Ms. Massey's vehicle. The statute creates a duty upon driver's to park in a manner that does not obstruct the street. Although, as Ms. Massey testified, there was room for her to pass Mr. Baird's vehicle on Laurel Street, being double-parked in the street created a dangerous condition for his rear passenger to exit the vehicle in oncoming traffic. Thus, the duty to safely position his vehicle on the street was breached. Then, the trial court determined that the breach of that duty caused the accident that resulted in Ms. Massey's injuries and subsequent treatment.

Here, the trial court determined that Ms. Massey established the requisite elements to hold Mr. Baird liable for her damages. Based on the record before this court, we cannot find that the trial court was manifestly erroneous or clearly wrong in its ruling. Accordingly, the trial court's judgment awarding Gaynell Massey $6,400.00 in general damages, and

4

$3,628.00 in special damages, together with judicial interest and court costs is affirmed.

**AFFIRMED**